UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CHRISTINE HERNANDEZ** | : | CIVIL NO. 3:21cv877 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **KINNARY PATEL,** | | |
| **2K16 RESTAURANTS LLC** | : | |
| Defendants. | : | June 25, 2021 |

## COMPLAINT

1. Defendants Kinnary Patel and 2K16 Restaurants LLC (collectively "Defendants") employed Christine Hernandez (hereinafter "Plaintiff" or "Ms. Hernandez") at their Subway franchise in Stratford, Connecticut. Ms. Hernandez regularly worked over forty hours per week but was never paid an overtime premium, despite the requirements of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. § 201, et. seq. and the Connecticut Wage and Hour Law Conn. Gen. Stat. § 31-58 et. seq. In addition, Ms. Hernandez, who was pregnant while employed by Defendants, was not accommodated by reason of her pregnancy and was eventually terminated because of her pregnancy in violation of Conn. Gen. Stat. § 46a-60. Plaintiff brings this action to recover unpaid and liquidated damages owed to her.

2. Plaintiff requests a trial by jury on all issues triable to a jury.

## JURISDICTION AND VENUE

3. Jurisdiction is based on the existence of a federal question pursuant to 28 U.S.C. § 1331.

4. Supplemental jurisdiction exists over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate pursuant to 28 U.S.C. §1391(b) because the events giving rise to this complaint occurred within this District.

6. The claims under Conn. Gen. Stat. § 46a-60 et seq. were brought before the Commission on Human Rights and Opportunities on July 9, 2020 and a Release of Jurisdiction was issued on June 16, 2021, a copy which is attached to this Complaint.

## PARTIES

7. Plaintiff Christine Hernandez is a resident of Connecticut who worked for Defendants until her termination in February 2020.

8. Defendant 2K16 Restaurants LLC (Subway25909) owns and operates a Subway Franchise whose business address is 150 Barnum Avenue Cutoff, Stratford, CT 06614-5111.

9. Kinnary Patel is the owner of 2K16 Restaurants LLC.

10. In June 2019, Plaintiff was hired as a team member.

11. Defendant 2K16 employs more than 3 employees.

12. As a Team Member, Plaintiff was responsible for preparing sandwiches and tending to customers.

13. In November 2019 Plaintiff was given additional responsibilities because an employee Rosa had quit that month.

14. Among other duties, she had to make the bread, make the cookies, all food preparation, refill the sandwich station, accept the deliveries and bring in the boxes and store all the goods.

*Defendants violated federal and state wage and hour laws*

15. Plaintiff opened the store Monday through Sunday. She arrived at 7:45 am to start preparations but was not able to punch in until 8:30 am. Plaintiff punched out at about 5:00 pm, even though at times her shift did not end until 5:30 pm because she had to wait for the next employee to arrive.

16. At all relevant times Kinnary Patel had the power to hire, fire, pay, schedule, discipline and supervise employees of 2K16 Restaurants LLC, including Ms. Hernandez.

17. Defendant Kinnary Patel exercised these powers over 2K16 Restaurants LLC employees, including Ms. Hernandez. For example, he exercised power over Ms. Hernandez's pay, having negotiated compensation, and approving or denying requests for pay increases. As such, each Defendant was an "employer" within the meaning of the FLSA.

18. At all relevant times, Plaintiff was an "employee" within the meaning of Conn. Gen. Stat. section 31-71a(2) and the FLSA.

19. Upon information and belief, the annual amount of business done by Defendant during the relevant time was at least $500,000, rendering Defendants' business a covered enterprise under the FLSA.

20. In addition, Plaintiff was covered by the FLSA as an employee because she was engaged in commerce or in the production of goods for commerce.

21. Defendants never paid Plaintiff an overtime premium for any week of work for hours worked over 40 in a week.

22. For example, in November of 2019, December of 2019, January 2020, Plaintiff worker over 40 hours a week, at $11.25 an hour but was not paid any overtime premium.

23. Defendants also instructed Plaintiff not to clock in until after 8 am, even though many times she would start working earlier, as early as 6am.

24. Sometime in November 2019 Plaintiff complained to her supervisor Indy and to Susan Kasowitz, from Subway Corporate about the fact that she was not being paid overtime.

25. Once again, in January, Susan Kasowitz came to the store, she was complimenting Plaintiff for her work.

26. Plaintiff told her she was working more than 60 hours a week and was not getting paid for overtime hours. Susan told Plaintiff to talk to Kinnary Patel or quit, if she did not like the way she was getting paid.

***Defendants discriminate against Ms. Hernandez on account of her status as a pregnant employee.***

27. In January 2020, Plaintiff learned that she was pregnant.

28. Plaintiff told her supervisor that she was pregnant on or about January 17, 2020.

29. Plaintiff handed her supervisor a doctor's note that stated "PT had a positive pregnancy test. Please no lifting more than 15 lbs".

30. When Plaintiff handed the note to her supervisor, she took the note, read it and made a face and said "what do you want me to do this?".

31. The supervisor gave the note back to Plaintiff and said, "it's not my problem, you need to keep working as is".

32. Over the following weeks Plaintiff asked for an adjustment to her schedule for pregnancy appointments. Many of these requests were not responded to or ignored.

33. The supervisor would ask Plaintiff regularly when she was having the baby. Plaintiff told her supervisor she was due in September and would come back in December. The

4

supervisor told Plaintiff on several occasions that wouldn't have a job to come back to after having the baby. Plaintiff told her supervisor that was illegal.

34. Twice Plaintiff's supervisor told Plaintiff that if she wanted her job after maternity leave that she would have to find someone to cover during the maternity leave, that she would train, and who would be paid as if she was Christine Hernandez. Plaintiff told her supervisor that that was illegal.

35. Despite the doctor's note restricting Plaintiff to 15 pounds, Plaintiff was required to continue assisting with the deliveries.

36. Plaintiff carried heavy bags of onions, boxes of tomatoes, frozen bread, which weighed over 15 pounds.

37. On or about February 16, 2020, Plaintiff started bleeding at work, and became concerned she was having a miscarriage. Plaintiff contacted her supervisor to tell her she needed to go to the hospital.

38. The supervisor told Plaintiff it was her responsibility to find coverage because she could not leave the store alone. Plaintiff had to wait nearly two hours for another person to come cover before going to the hospital.

39. On February 24, 2020, Plaintiff started her shift at 8:30 am and she was scheduled to work until 3:00 pm that day. At 2:55, Plaintiff was getting ready to leave, as her job had been completed. The supervisor approached Plaintiff and said, "you have to stay until 6:00 pm". Plaintiff thought her supervisor was joking, and she left.

40. The next day, on February 25, 2020, the supervisor arrived at the store, and said she had fired Plaintiff the day before.

41. Plaintiff called Defendant Kinnary Patel, the owner of the franchise and told him she had been fired. Kinnary Patel told Plaintiff he would be coming back to the store in March and that they would figure out the money that was owed to her.

42. Plaintiff came back to the store on March 10th to meet with Kinnary Patel.

43. Patel presented Plaintiff with a letter to sign.

44. This letter contained false statements, which Plaintiff refused to sign.

### COUNT ONE: FLSA (Overtime)

1-32   Plaintiff incorporates ¶¶ 1- 14 and 27-44 as if set forth fully herein.

33. By the conduct described above Defendants violated Plaintiff's rights to be paid an overtime premium consistent with the provision of the FLSA, 29. US.C. § 201 et seq.

34. Defendants' conduct as described above was in willful violation of the Plaintiff's rights pursuant to the FLSA.

35. Defendants' failure to pay Plaintiff her overtime wages was arbitrary and unreasonable, done in bad faith and without justification.

36. As a result of the Defendants' unlawful conduct, Plaintiff suffered a loss of compensation from employment that is due and owing to her.

37. Defendants owe Plaintiff her full hourly rate and overtime premium for additional hours worked but not clocked at the Defendants' instruction.

38. Plaintiff is entitled to compensatory damages, liquidated damages and attorneys' fees and costs.

### COUNT TWO: CONN. GEN. STAT. § 31-58, ET SEQ. (Overtime)

1-32   Plaintiff incorporates ¶¶ 1- 14 and 27-44 as if set forth fully herein.

33. By the conduct described above, Defendants denied the Plaintiff overtime wages in violation of C.G.S. § 31-60 and $ 31-76b.

34. By the conduct described above, Defendants' violations of Connecticut's Wage and Hour laws were in bad faith, arbitrary and unreasonable.

35. Defendants' failure to pay Plaintiff her overtime wages was arbitrary and unreasonable, done in bad faith and without justification.

36. Defendants' failure to pay Plaintiff for all hours worked violated Plaintiff's rights to be paid for all time worked.

37. As a result of the Defendants' unlawful conduct, Plaintiff suffered a loss of compensation from employment that is due and owing to her.

378. Plaintiff is entitled to compensatory damages, liquidated damages and attorneys' fees and costs.

**COUNT THREE: RETALIATION 29 U.S.C. § 215(a)(3)**

1.-22. Plaintiff incorporates ¶¶ 1- 22. as if set forth fully herein.

23. Plaintiff complained to Defendants about that she has noy been paid all of her earned and owing wages, as mandated by Conn. Gen. Stat. § 31-71a et seq. and the FLSA 29 U.S.C. § 201 et seq.

24. Defendant 2K16 terminated Plaintiff on account of her complaints over its failure to pay her all her earned wages including unpaid overtime.

25. As a result of the Defendants' unlawful conduct, Plaintiff suffered a loss of compensation from employment that is due and owing to her.

26. Plaintiff is entitled to compensatory damages, liquidated damages and attorneys' fees and costs.

### COUNT FOUR: PREGNANCY DISCRIMINATION, CONN. GEN. STAT. § 46a-60(b)(7).

1.-22. Plaintiff incorporates ¶¶ 1- 22. as if set forth fully herein.

23. Defendant 2K16 terminated Plaintiff's employment due to Plaintiff's pregnancy.

24. Plaintiff requested and denied a reasonable accommodation on account of her pregnancy.

25. Defendant 2K16's conduct constitutes unlawful pregnancy discrimination in violation of Conn. Gen. Stat. §46a- 60(b)(7).

26. As a result of the Defendant's unlawful conduct, Plaintiff suffered a loss of wages and benefits from employment that is due and owing to her.

27. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer emotional and psychological pain and suffering.

28. Plaintiff is entitled to compensatory damages, attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court take jurisdiction over this case and grant judgment against the Defendants.

Plaintiff prays that the following relief be awarded:

a. All compensation due owing to her by the Defendants.

b. Liquidated damages in equal amount to her unpaid overtime wages pursuant to 29 U.S.C. § 216(b) and Conn. Gen Stat. § 31-68, 31-72.

c. Plaintiff's costs and reasonable attorney's fees.

    d.  Interest pursuant to Conn. Gen. Stat. 37-3a on all sums wrongfully withheld and retained by Defendants.

    e.  Such other legal and equitable relief as the Court may deem just.

Done at Westport, Connecticut, June 25, 2021.

                                              THE PLAINTIFF
By: */s/ Maria Garcia-Quintner*
Maria E. Garcia-Quintner (ct27568)
MGQ Law, LLC
246 Post Road E
Westport, CT 06880
(203) 8363336  phone
mgq@mgqlaw.com

*Counsel for Christine Hernandez*

**PLAINTIFF REQUESTS A TRIAL BY JURY**

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Christine Hernandez
COMPLAINANT

CHRO No. 2120019

vs.

EEOC No. 16A-2020-01259

2K16 Restaurant LLC (Subway 25909)
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

DATE: June 16, 2021

Tanya A. Hughes, Executive Director

mrm
Service:
Complainant: Christine Hernandez, hernandezchriis3@gmail.com
Complainant's Counsel: Maria Garcia-Quintner, mgq@mgqlaw.com
Respondent's Attorney: Keith R. Rudzik, krr@hksflaw.com